MARTIN L. TRIMMER

v.

JANE E. TODD et al.

A person who is an executor, and who, in his individual capacity, holds a mortgage upon the lands of which the testator died seized, may file a bill to foreclose such mortgage; but he cannot in such bill ask for an administration of the estate of the testator, in whole or in part, without joining himself as executor as a party complainant, nor in case it is alleged that the personal property is insufficient to pay the debts, without making all creditors parties defendant. Without such allegations, a bill asking for partial administration is demurrable for multifariousness and for want of parties.

On bill and demurrer.

*Mr. J. Newton Voorhees*, for the demurrant.

*Mr. Charles A. Skillman, contra.*

BIRD, V. C.

The bill in this case is filed by Martin L. Trimmer. It sets forth the fact that one Peter N. Todd, in his lifetime, gave three several bonds, each of them secured by a mortgage upon the same parcel of land, amounting in all to $13,000, and that afterwards the said Todd made his last will and testament, in and by which he directed payment of his debts and funeral expenses, and gave three legacies, of $250 each, and the said tract of land to his wife during her natural life, upon her paying the taxes and interest from time to time becoming due upon the said mortgages, and then making disposition of the residue of his estate, appointing the said Martin L. Trimmer as executor. The said testator died, and his will was offered for probate by the said Martin L. Trimmer, to whom letters testamentary were granted. He undertook the settlement of the estate. After he became such executor he procured an assignment of the said bonds and mortgages to be made to himself. He alleged by his bill that

the inventory of the personal estate shows that it was worth only $366.85, and that the indebtedness of the said Todd, over and above said mortgages, amounts to about $1,000, and that the only estate with which the same can be paid is the personal property so inventoried and the real estate covered by the said mortgages. In this bill he not only asks that the said mortgages be foreclosed, but that the surplus money be paid over to him that it may be administered by him as executor and used in the payment of the debts and legacies aforesaid.

The bill is demurred to for multifariousness and for want of proper parties.

It will be seen from the above statement that the bill clearly has two objects in view : one is the foreclosure of the said mortgage and the other is the partial distribution of the estate of the said decedent. It is alleged that these two objects are so inconsistent that the bill is necessarily multifarious. In the first place, I desire to say that it may be possible for an executor who has a lien upon the estate which he is administering to proceed by a bill in equity to enforce his lien, and in doing so be justified in asking for the complete administration of the estate. In an undertaking of this kind, however, it would be essential for him to appear before the court in his character as executor as well as in his own behalf. It should also appear that all parties in interest in such an administration suit should be before the court, so that the rights of every party in interest could be determined.

With these general statements in mind, it will be seen by looking at this bill that Mr. Trimmer does not appear as a party in the capacity of executor, but only in his individual capacity. Therefore, the condition presented is that of an individual invoking the aid of the court of chancery to enforce his debt and also to partially administer the estate. I say partially, for all of the parties in interest, as will be seen hereafter, are not before the court so that the extent of their interests can be determined. Now there can be no objection to the holder of these mortgages proceeding to foreclose them; but I cannot perceive how a creditor can assume the control of the estate and seek its administration until it appears upon the face of the bill that the per-

son to whom the law has committed that trust has become delinquent or in some way exhibited a refusal to perform the offices of the trust. So long as there is no allegation of this nature in the bill, the presumption that the trustee is proceeding in the performance of his duty according to the law must prevail. Therefore, this case must be dealt with, with respect to the subject of multifariousness, upon the ground that Mr. Trimmer has proceeded in his individual capacity. Looking at the case from this standpoint, I can come to no other conclusion than that the bill is multifarious in that it seeks not only the foreclosure of the mortgage, but, as intimated, to take charge of the business of administering the estate.

The difficulty thus suggested is not overcome by the statement in the bill that there is an insufficiency of personal estate to pay the debts, and that it will be necessary to make sale of a portion of the real estate for that purpose, together with the prayer that the surplus arising from the sale of the real estate be paid to the complainant as executor. For it is not Martin L. Trimmer as executor that makes the prayer for the sale and for the payment of the surplus to him as such executor, but it is simply Martin L. Trimmer the individual. This is not a refinement upon words or phrases, but it springs from the essential nature or character of good pleading. No decree can be made for or against Martin L. Trimmer as executor. As such he occupies no position whatsoever in this bill, nor are any allegations made against him as such executor. The only possible decree that can be made for or against him is in his individual capacity. Nothing else, for a single moment, would be supposed or urged. If he had filed this bill as Martin L. Trimmer, and John Doe had been the executor, and the same allegations and prayer had been made respecting John Doe and nothing more, I apprehend that no creditor, either a mortgagee or judgment or simple contract, could be permitted to assume the position claimed by Mr. Trimmer in this case and be sustained, if there were not any allegations making it apparent that the trustee was guilty of default of some nature which a court of equity would condemn.

Hence I think that because the complainant in this case does not also show to the court that he files this bill as executor as well as in his own behalf, and seeks a partial administration of the estate referred to in the bill, which can only be done by him as executor, the bill is multifarious.

And as to the question of parties, it seems very evident, from what has already been said, that the executor is most essentially interested, and that the cause cannot be proceeded with from any standpoint, so long as the administration of the estate is contemplated, until he is made a party, either as complainant or defendant.   Upon the question of assets and liabilities, he, above all others, has a right to be heard, and he ought to be required to speak in such a case, either affirmatively or negatively.   And in such case the general creditors as well as devisees and legatees have a right to be heard.   It will not do, in this particular case, to say that it will be sufficient to make the executor a party, since he has charge of the personal estate and is supposed to represent the interests of creditors, for the executor, having the lien by virtue of these mortgages and an interest which may be proved to be hostile to the interests of the general creditors, and certainly would be so in case of a deficiency of assets, real and personal, to pay all the debts.   As the same person is the assignee of the mortgages which are being foreclosed, and also the executor of the last will and testament of the decedent, whose estate is sought to be administered, he can only be made a party by making him a party complainant.

The position of the holder of the mortgages and of the executor being such as is above indicated, one that may materially interfere with general creditors' interests, they should be made parties, in order that they may contest the claims of the complainant as the holder of such mortgage, in case there should be a deficiency of assets.   The complainant cannot be heard to say that they have no lien upon the estate, for this was expressly adjudicated in their favor in the case of *Castner* v. *Haston, 4 Stew. Eq. 697.*   Nor can he be heard to say that the creditors are numerous, for since he has seen fit, after accepting the office of trustee, to place himself in a position that may become hostile to the in-

terests of such creditors, he cannot complain of the consequences which flow from his own conduct; nor will such conduct make the court less vigilant in its efforts to protect the rights of the others, whose rights, under other circumstances, might safely be lodged in his keeping.

It is apparent that the complainant has a right to proceed to the foreclosure of his mortgage in his individual capacity. As such he has no other interest in this estate. He has no other interest than had his assignor before the death of Peter N. Todd. As between him and Martin L. Trimmer and the devisees and legatees, the relation is simply that of debtor and creditor and nothing more.

Next, as above intimated, when he, as Martin L. Trimmer simply, and as assignee of the mortgages, attempts, in addition to the foreclosure of the mortgages, to administer, in whole or in part, the estate of the decedent mortgagor in and by the same bill in which he seeks to foreclose his mortgages, he is undertaking two very inconsistent lines of work, and hence multifarious. I have dwelt somewhat upon the question presented by this demurrer in order that I may not be understood as insisting that Mr. Trimmer, as executor, could not come into court, under the circumstances detailed in his bill, and ask for an administration of the assets in this estate in this court. That an executor may, under certain circumstances, do this I think is beyond question, as above intimated; but whether the facts presented in this case are sufficient for that purpose I do not feel called upon to decide. When the cases of *Pearce* v. *Hewitt, 7 Sim. 471, 478; Doran* v. *Simpson, 4 Ves. 650, 665; Burrows* v. *Elton, 11 Ves. 29, 35,* are considered, they will be found to throw some light upon the questions above presented.

I will advise that the demurrer be sustained, with costs.